# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **RODNEY M. HAYS** ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | No. 3:16-3171 |
| ] | Judge Trauger |
| **PATTHAY ALWARD, et al.** ] | |
| Defendants. ] | |

## MEMORANDUM AND ORDER

The Court has before it a *pro se* prisoner complaint (Docket Entry Nos. 1 and 5) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No. 6).

It appears from the application that the plaintiff lacks sufficient financial resources from which to pay for the filing of the complaint. Therefore, the plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff is an inmate at the Metro Davidson County Detention Facility in Nashville. On September 21, 2016, he attempted to "pet" a dog being housed in his unit and was bitten on the right forearm. The plaintiff alleges both negligence and deliberate indifference on the part of the defendants as the cause for his injury.

The plaintiff has previously raised his claims in an action in federal court. *See* Rodney M. Hays v. Patthay Alward, et al., Civil Action No. 3:16-2823 (M.D. Tenn.)(Crenshaw, J., presiding)(presently pending on appeal; Appellate No. 16-6831). That action was dismissed for failure to state a claim upon which relief could be granted. 28 U.S.C. § 1915(e)(2).

To promote the interests of judicial economy, a district court may raise the doctrine of res judicata *sua sponte*. Holloway Construction Co. v. United States Department of Labor, 891 F.2d 1211, 1212 (6th Cir.1989)(per curiam). Thus, an action will be barred under res judicata where (1) the prior litigation involved the same parties or their privies, (2) the prior litigation was terminated by a final judgment on the merits, and (3) the prior litigation involved the same claim or cause of action as the present lawsuit. Hydranautics v. Film Tec Corporation, 204 F.3d 880 (9th Cir.2000).

In this case, the plaintiff is raising the same claims against the same defendants or their privies, predicated upon the same course of events. The previous action was dismissed for failure to state a claim, which constitutes a dismissal on the merits. Pratt v. Ventas, Inc., 365 F.3d 514, 522

(6th Cir.2004). Therefore, pursuant to the doctrine of res judicata, the instant action is barred.

Accordingly, this action is hereby DISMISSED. An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is NOT certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Warden of the Metro Davidson County Detention Facility to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Act relating to the payment of the filing fee.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge